[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STAY PROCEEDINGS
This matter comes before the court as an appeal from a decision of the Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle license for a period of one year.
The plaintiff, by his motion, requests the court to stay the suspension pending the duration of his appeal.
The plaintiff's attorney cites in her request that the plaintiff will suffer irreparable harm if the suspension is not lifted and that the hearing officer's decision was contrary to law and an abuse of discretion.
Factually, the Commissioner of the Department of Motor Vehicles notified the plaintiff of the suspension on August 17, CT Page 11401 1998 for failure to submit to a chemical alcohol test pursuant to Conn. Gen. Stat. § 14-227(b). Further, the plaintiff was informed that he was entitled to an administrative hearing which hearing would be limited to four issues, to wit:
 (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths on one percent or more of alcohol, by weight; and (4) was such person operating the motor vehicle.
Conn. Gen. Stat. § 14-227b(f).
The plaintiff requested and was given an administrative hearing and on September 1, 1998, the hearing officer issued his decision affirming the suspension of the plaintiff's license based on the following findings of fact and conclusions of law:
 1. Police officer had probable cause to arrest the operator for violation of Conn. Gen. Stat. § 14-227b.
2. Operator was placed under arrest.
3. Operator refused to submit to such test or analysis.
4. Said person was operating the motor vehicle.
The hearing officer also made the following subordinate findings:
 Notwithstanding testimony of respondent, all four elements found pursuant to the police report (State's Exh. A) which is found to be credible and reliable. Probable cause to arrest exists based upon the totality of the facts and tests. Sufficient evidence for factual conclusion of the police officer for refusal.
The police officer involved in the arrest was not subpoenaed CT Page 11402 and his report was admitted into evidence. The hearing officer relied upon this report in making his determination.
The plaintiff has the burden of presenting sufficient evidence to the court that there is a reasonable likelihood that he will prevail in his appeal. This is one of the essential requirements in asking for a stay. The plaintiff has failed to carry his burden in this respect.
There is a clear public policy to promptly suspend a person's license after a due process administrative hearing has been allowed.
Given the limited scope of judicial review, the failure to present any evidence indicating that he would prevail in an appeal and the failure to convince the court of irreparable harm, the court is compelled to deny the stay.
Mihalakos, J.